IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OSCAR GUTIERREZ RODRIGUEZ,       )
                                 )
                  Plaintiff,     )
                                 )
        v.                       )       No.  06 C 6454
                                 )            (03 CR 1071)
UNITED STATES OF AMERICA,         )
                                 )
                  Defendant.     )

MEMORANDUM ORDER

Oscar Gutierrez Rodriguez ("Gutierrez"), who is now serving
an unappealed sentence following his blind plea of guilty to two
drug-related counts, has filed a self-prepared motion seeking the
return of allegedly seized property.  After investigation the
government has filed a response to Gutierrez' Fed. R. Crim. P.
("Rule") 41(g) motion, and this memorandum order addresses each
aspect of Gutierrez' claim.

First Gutierrez seeks the return of a white 1999 Honda
Accord that he says was seized at 7134 W. 34th Street, Berwyn,
Illinois.  But although that vehicle was searched in connection
with the drug bust that eventuated in Gutierrez' being arrested,
charged and convicted, it was never seized by government agents.
That being so, it cannot of course be "returned" to Gutierrez--
see, e.g., United States v. Solis, 108 F.3d 722, 722-23 (7th Cir.
1997) and United States v. Sims, 376 F.3d 705, 709 (7th Cir.
2004).

Next Gutierrez seeks the return of two types of currency:

$520 in United States currency seized from his wallet at the time of his arrest and $120,000 in Colombian currency.  As to the first of those, though it was indeed seized by the government, it was later administratively forfeited after notice of the seizure. That precludes its recovery through a Rule 41(g) motion--see, e.g., <u>Chairez v. United States</u>, 355 F.3d 1099, 1102 (7th Cir. 2004), requiring the dismissal of such a claim for lack of subject matter jurisdiction.  And as for any Colombian currency, none of the investigative reports or other DEA records refers to any such seizure, and it is worth noting that Gutierrez does not specify where, when or how any such alleged seizure took place (in contrast to his specific identification of the particulars as to the seizure of $520 U.S.).  Hence such cases as <u>Solis</u> and <u>Sims</u> defeat the Colombian currency claim.

Finally, Gutierrez identifies a number of items of personal property as a subject of his motion.  On that score, all of those items except for two cell phones were left in Gutierrez' apartment, and no DEA records or its property room reflect any governmental seizure and retention (the significance of the absence of any such records is further buttressed by the fact that the DEA <u>does</u> have a record of the seized cellular phones). Hence that aspect of Gutierrez' motion is also denied.

That leaves open only Gutierrez claim as to the two cellular

telephones.[1]  As to those, the government has asked for some
additional time to determine what disposition was made of that
property, as well as whether they are contraband and thus not
subject to return to Gutierrez.  Accordingly that final aspect of
Gutierrez' claim is deferred, with the government being ordered
to supplement its current response on or before January 30, 2007.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 16, 2007

---

[1]  Gutierrez' motions also refers to "miscellaneous
documents."  Because of that non-specific reference, the further
investigation next described in the text as to the cellular
telephones is also being extended to any other items that may
turn up in the government's search.